# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MALINDA SLATON,

    Plaintiff,

v.

L.L.O. INC., et al.,

    Defendants.

Case No. 2:17-cv-01561-RFB-CWH

**ORDER**

Presently before the court is plaintiff Malinda Slaton's motion to supplement and amend complaint (ECF No. 20), filed on June 9, 2018. Defendant International Brotherhood of Electrical Workers, Local Union 357 ("Local 357") filed a response (ECF No. 22) on June 21, 2018. Defendant L.L.O. Inc. d/b/a Acme Electric ("Acme") filed a response (ECF No. 23) on June 25, 2018. Slaton filed replies (ECF Nos. 24, 25) on June 28, 2018, and July 2, 2018.

Also before the court is Slaton's motion for referral to Early Neutral Evaluation program (ECF No. 26), filed on July 10, 2018. Acme filed a response (ECF No. 29) on July 11, 2018. Local 357 did not file a response. Slaton filed a reply (ECF No. 31) on July 18, 2018.

Also before the court is the parties' proposed discovery plan and scheduling order (ECF No. 32), filed on August 13, 2018.

**I.  BACKGROUND**

Slaton is a female journeyman electrician who was assigned by her union, Local 357, to work on "Project Neon" for subcontractor Acme. (Compl. (ECF No. 1) at 4.) Slaton was terminated on October 28, 2016, for failing to report damage to one of Acme's vehicles that occurred during an accident at the construction yard. (*Id.*) According to Slaton, she was not the

driver of the vehicle, did not cause the accident, reported the accident to her foreman within minutes of it occurring, but nevertheless was given verbal and written warnings and terminated, while the male driver of the vehicle and another male coworker who was involved in the accident were not disciplined. (*Id.* at 4-5.) Slaton alleges Acme violated a collective bargaining agreement by firing her and Local 357 failed to adequately represent her during grievance procedures. (*Id.* at 5-9.)

Slaton brought suit against defendants, alleging claims for breach of contract (claim one) against Acme and for breach of the duty of fair representation (claim two) against Local 357. (*Id.* at 7-9.) Acme subsequently filed a motion to dismiss and a motion to stay discovery. (Mot. to Dismiss (ECF No. 6); Mot. to Stay (ECF No. 12).) The court denied the motion to dismiss without prejudice and temporarily stayed the case to allow Slaton to determine whether she would seek to amend the complaint to add a discrimination claim. (Mins. of Proceedings (ECF No. 18).) Slaton now moves to amend, seeking to allege a sex-discrimination claim (count three) against Acme and Local 357 in addition to her other claims. (Proposed Am. Compl. (ECF No. 20-1).)

**II. ANALYSIS**

Generally, a plaintiff may amend his complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion for failure to state a claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

Here, there is no indicia of bad faith or undue delay, and Slaton has not previously amended her complaint. The defendants do not argue they would be prejudiced by amendment. Thus, the relevant question is whether amendment to add a sex-discrimination claim would be futile.

Local 357 argues amendment to allege a sex-discrimination claim against it is futile because Slaton did not exhaust her administrative remedies. Specifically, Local 357 argues that although Slaton brought a charge against Acme, she did not file an EEOC or NERC charge against Local 357. Local 357 further argues the deadline for bringing a charge against it has expired. Slaton replies that she does not intend to bring a sex-discrimination claim against Local 357. The court therefore will deny Slaton's motion to amend as to Local 357 and will require Slaton to file a proposed amended complaint clarifying that claim three is asserted only against Acme.

Acme argues amendment to allege a sex-discrimination claim against it is futile because Slaton does not allege facts indicating that similarly-situated individuals outside her protected class were treated more favorably than Slaton. Acme therefore argues Slaton fails to state a prima facie claim for sex discrimination. Acme does not dispute, however, that Slaton alleges the other elements of a sex-discrimination claim.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim for sex discrimination, a plaintiff must show that that (1) he belongs to a protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action and, (4) the employer treated him differently than a similarly situated employee who does not belong to the same protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Here, Slaton states a prima facie claim for sex discrimination against Acme. Slaton alleges that she is female, that she was qualified for her position as an electrician, and that she suffered adverse employment actions of being reprimanded and terminated. She further alleges

she was treated differently than similarly-situated individuals outside of her protected class. Specifically, she alleges that although she was not the driver of the vehicle, did not cause the accident at issue in this case, and reported the accident to her foreman within minutes of it occurring, she nevertheless was given verbal and written warnings and terminated, while the male driver of the vehicle and another male coworker who was involved in the accident were not disciplined. Given that Slaton states a claim for sex discrimination, amendment would not be futile. The court, in its discretion, therefore will grant Slaton's motion to amend to bring a sex-discrimination claim against Acme.

Finally, because Slaton states an employment-discrimination claim that falls under Local Rule 16-6, the court will grant Slaton's motion for referral to the court's Early Neutral Evaluation program. The court also will approve the parties' stipulated discovery plan, which seeks a 180-day discovery plan, with discovery deadlines to be measured from the date of the Early Neutral Evaluation conference.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Malinda Slaton's motion to supplement and amend complaint (ECF No. 20) is GRANTED in part and DENIED in part as stated in this order. By September 19, 2018, Slaton must file a second amended complaint clarifying that her claim for sex discrimination is only against defendant Acme.

IT IS FURTHER ORDERED that Slaton's motion for referral to Early Neutral Evaluation program (ECF No. 26) is GRANTED. The clerk of court must assign this case to the Early Neutral Evaluation program. The court will enter a separate order scheduling the Early Neutral Evaluation conference.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that the parties' proposed discovery plan and scheduling order (ECF No. 32) is GRANTED. Within seven days of the Early Neutral Evaluation conference, the parties must meet and confer and file a proposed discovery plan and scheduling order that contains dates certain that are measured from the date of the conference.

DATED: September 12, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE