UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| Slaton, | Case No. 2:17-cv-01561-RFB-DJA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| L.L.O., Inc. et al, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are Defendant's Motion for Summary Judgment on Breach of Contract Claim (ECF No. 51), Defendant's Motion for Summary Judgment on Title VII Claim (ECF No. 52), Defendant's Third Motion for Partial Summary Judgment to Limit Plaintiff's Categories of Damages (ECF No. 53), Defendant's Motion to Strike Jury Demand (ECF No. 54), and Defendant's Motion to Bifurcate Trial (ECF No. 55).

## II. PROCEDURAL BACKGROUND

Plaintiff Malinda Slaton filed the Complaint on June 2, 2017 against L.L.O, Inc. d/b/a Acme Electric and International Brotherhood of Electrical Workers Local Union 357 ("IBEW") . ECF No. 1. Defendant L.L.O, Inc. filed a Motion to Dismiss on August 23, 2017, ECF No. 6, and a Motion to Stay Discovery on September 19, 2017, ECF No. 12. A hearing was held on the motions on January 22, 2018 at which the Court denied both motions but granted a ninety-day stay and directed Plaintiff to notice the Court if she intended to proceed with the existing complaint or amend. ECF No. 18.

On June 9, 2018, Plaintiff filed a Motion to Amend/Correct the Complaint, ECF No. 20,

and Plaintiff filed a First Amended Complaint on June 11, 2018, ECF No. 21. The Court granted the Motion to Amend/Correct in part and directed Plaintiff to file a Second Amended Complaint. ECF No. 33. The Court also assigned the case to the Early Neutral Evaluation Program. Id.

Plaintiff filed the Second Amended Complaint on September 19, 2018, which is the operative complaint in this matter. ECF No. 36. The Court granted a stipulation to dismiss International Brotherhood of Electrical Workers Local Union 357 on July 16, 2019. ECF No. 49.

On August 8, 2019, Defendant L.L.O, Inc. filed the instant Motion for Summary Judgment on Breach of Contract Claim. ECF No.51. Plaintiff responded on September 12, 2019, ECF No. 64, and Defendant replied on September 23, 2019, ECF No. 68.

On August 9, 2019, Defendant filed the instant Motion for Summary Judgment on Title VII Claim. ECF No. 52. Plaintiff responded on September 13, 2019, ECF No. 65, and Defendant replied on September 30, 2019, ECF No. 71.

On August 12, 2019, Defendant filed the instant Third Motion for Partial Summary Judgment to Limit Plaintiff's Categories of Damages. ECF No. 53. Plaintiff responded on September 17, 2019, ECF No. 66, and Defendant replied on October 1, 2019, ECF No. 72.

On August 13, 2019, Defendant filed the instant Motion to Strike Jury Demand, ECF No. 54, or in the alternative, Motion to Bifurcate Liability and Damages Phases of Trial, ECF No. 55. Plaintiff responded on September 10, 2019, ECF Nos. 62, 62. Defendant replied on September 24, 2019. ECF Nos. 69, 70.

A hearing on the instant motions was scheduled for March 18, 2020, ECF No. 73, then vacated in light of the COVID-19 global pandemic, ECF No. 74.

### III. FACTUAL BACKGROUND

#### a. Undisputed Facts

Defendant is an electrical contractor. ECF No. 52 at 3. Plaintiff was employed by Defendant as a Journeyman Electrician. Id. at 2. Plaintiff's supervisor at the time of her termination was General Foreman Trever Aldrich.

On or about October 26, 2016, Aldrich was informed an Aerial Lift Truck was damaged

and issued a written warning to workers responsible for the Aerial Lift Truck, including Plaintiff. Id. at 4. He also had a coaching session with all members of the crew in which he admonished them that failure to immediately report any incidents involving damage to trucks to supervisors would result in termination. Id. at 4.

On October 28, 2016, Plaintiff was fired by Aldrich for failure to report an incident involving an Aerial Lift Truck operated by Bryan Kutch, an Apprentice Electrician she was supervising at the time. Id. at 5. Kutch was disciplined by Robert Buntjer at the Electrical Joint Apprenticeship and Training Committee for Southern Nevada ("JATC") after Aldrich alerted him to the incident. Id. at 6-7. Apprentice Electricians may only be disciplined by the JATC. Id. Kutch was not fired. Id. at 7.

### b. Disputed Facts

The parties dispute whether Plaintiff reported the incident involving the Aerial Lift Truck. Plaintiff states that after Kutch backed the truck into the bumper of another truck, she immediately reported the incident to Underground Foreman Dave Potter. ECF No. 65 at 5. Plaintiff states she told Aldrich when he appeared on site and she heard him speaking with Kutch five minutes later. Id. at 6. Defendant states Aldrich could see Kutch backing up the truck with Plaintiff directing and that another worker alerted him that that Kutch and Plaintiff had backed the truck into another and drove away. ECF No. 52 at 5-6. Plaintiff only told Aldrich about the incident when she heard him approach Kutch to discuss it a few minutes later. Id. at 6. Plaintiff's report to Dave Potter did not satisfy the policy because Potter works for another company in a different trade and is neither Plaintiff nor Kutch's supervisor. Id.

The parties dispute whether Aldrich terminated Plaintiff for her gender or her conduct. Plaintiff states she was fired because of her gender; Defendant states she was fired for failing to comply with the policy of immediately reporting incidents involving Aerial Lift Trucks to a supervisor.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

**V. DISCUSSION**

**A. Motion for Summary Judgment on Breach of Contract Claim (ECF No. 51)**

Defendant seeks summary judgment on Plaintiff's breach of contract claim, based on Defendant's alleged breach of the collective bargaining agreement between Defendant and IBEW. Defendant argues that because IBEW has been dismissed with prejudice, which constitutes a judgment on the merits, Plaintiff cannot therefore satisfy the standard for a hybrid § 301 claim,

which requires a plaintiff to prove both violation of the collective bargaining agreement and that the union breached its duty of fair representation. ECF No. 51 at 4-5. Specifically, because the dismissal against IBEW was a final adjudication on the merits on the fair representation claim, Plaintiff's breach of contract claim must fail as a matter of law. Id. at 5.

Plaintiff does not oppose the dismissal of her breach of contract claim. ECF No. 64 at 1-2.

The Court therefore grants the motion in favor of Defendant. Plaintiff's breach of contract claim is dismissed with prejudice.

### B. Motion for Summary Judgment on Title VII Claim (ECF No. 52)

Defendant seeks summary judgment on Plaintiff's Title VII claim that she was subject to gender-based discrimination and disparate treatment.

"Claims of disparate treatment arising under Title VII and section 1981 are parallel because both require proof of intentional discrimination. The same standards are used to prove both claims, and facts sufficient to give rise to one are sufficient to give rise to the other." Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985) amended, 784 F.2d 1407 (9th Cir. 1986) (internal citations omitted). "Under McDonnell Douglas, a plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination. Specifically, the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. The burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. If the employer does so, the plaintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' " Chuang v. Univ. of California Davis, Bd. of Trustees, 225 F.3d 1115, 1123-24 (9th Cir. 2000) (internal citation omitted).

"An employee who alleges status-based discrimination under Title VII need not show that the causal link between injury and wrong is so close that the injury would not have occurred but for the act. So-called but-for causation is not the test. It suffices instead to show that the motive to

discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517, 2522-23 (2013).

"As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." <u>Chuang</u>, 225 F.3d at 1124 (internal quotations and citations omitted).

Defendant argues Plaintiff does not have any evidence that male employees who were similarly situated received more favorable treatment. ECF No. 52 at 12-13. Plaintiff was terminated for failing to report the incident with the Aerial Lift Truck and there was no other Journeyman employee who had similarly been warned of the consequences of failing to report damage to an Aerial Lift Truck who had violated that policy. <u>Id.</u> at 13. Therefore, there are no similarly situated male employees. Defendant asserts that it also replaced Plaintiff months later with a woman. <u>Id.</u> Defendant further argues Plaintiff has failed to articulate Defendant's justification for terminating Plaintiff is pretextual. <u>Id.</u> at 13-14. Furthermore, Plaintiff has no evidence to prove that but-for her termination, she would have remained in her position, because she was slated to be laid off. <u>Id.</u> at 14. Defendant states that if summary judgment is denied, Plaintiff's damages should therefore be limited to the three days from the date of her termination on October 28, 2016, to the date she was scheduled to be laid off on October 31, 2016. <u>Id.</u> at 14-15.

In opposition, Plaintiff points to her deposition testimony in which she states, *inter alia*, that she was not the cause of the accident and that there was no other explanation for her termination than gender. ECF No. at 65-12. Plaintiff further argues that at summary judgment, she need not prove her case by a preponderance but may instead present evidence that gives rise to an inference of discrimination. <u>Id.</u> at 13. She further argues that she has put forth adequate evidence to indicate pretext. <u>Id.</u> at 13-14.

Defendant replies that Plaintiff cites no evidence to support her disputed facts, ECF No. 71

at 2-3, and the evidence she does cite is in the form of a self-serving declaration and deposition testimony, which constitute conclusory statements and opinions and not facts giving rise to a genuine dispute, id. at 3-5. Defendant further reiterates that Plaintiff cannot establish a prima facie case, id. at 5-10, and that even if she can, she cannot prove pretext, id. at 10-11.

The Court finds that Defendant has adequately shown that Plaintiff does not have enough evidence of an essential element to carry her ultimate burden of persuasion at trial, and in opposition, Plaintiff has failed to produce evidence to support her Title VII claim for gender discrimination. As an initial matter, Plaintiff is a member of a protected class as a woman. However, she has failed to show that similarly situated men were treated more favorably than she was. Plaintiff and her co-workers were all subject to discipline for failure to report damage to an Aerial Lift Truck and admonished that failure to do so in the future would result in termination. Plaintiff was terminated two days later for failure to report damage to an Aerial Lift Truck in accordance with this policy and has given no evidence to suggest that any other similarly situated colleagues outside of her protected class were treated more favorably, or indeed, identified any similarly situated individuals. That the male apprentice who was operating the truck was disciplined but not fired does not support Plaintiff's claim. Plaintiff herself acknowledges in her deposition testimony that this apprentice could only be disciplined by the Electrical Joint Apprenticeship Training Committee of Southern Nevada. ECF No. 52 at 28. Thus, her immediate supervisor who had previously warned Plaintiff and her colleagues that termination would result if they failed to report damage, could only institute this policy against Plaintiff, and not the male apprentice she was overseeing. Furthermore, Plaintiff describes many incidents in her declaration involving male coworkers which resulted in damage to equipment. Even assuming *arguendo* that this evidence were admissible, it fails to establish that these men were similarly situated to Plaintiff in all material respects. Plaintiff has not identified any coworkers outside the protected class who were subject to the admonishment regarding the Aerial Lift Truck and who violated that policy by failing to report the incident immediately. Without identifying any similarly situated individuals, she cannot therefore show that they were treated more favorably than she was.

Plaintiff asserts she should not have been fired for failure to report, as she did report the

incident to another person, albeit not her immediate supervisor, and because she was not responsible for the damage but was merely a witness. However, Plaintiff mischaracterizes the nature of her claim. She must show that she was fired on the basis of her gender, which she has failed to do here. Whether she should or should not have been fired given the circumstances is only relevant insofar as it implicates the type of discrimination contemplated by Title VII. Because she has to satisfy her burden of presenting a prima facie case of Title VII gender discrimination, that her firing was allegedly unjustified is inapposite.

The Court therefore grants summary judgment in favor of Defendant and dismisses this claim. As this is the only remaining claim, the Court denies the remaining motions as moot, and closes this case.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment on Breach of Contract Claim (ECF No. 51) and Motion for Summary Judgment on Title VII Claim (ECF No. 52) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Third Motion for Partial Summary Judgment to Limit Plaintiff's Categories of Damages (ECF No. 53), Motion to Strike Jury Demand (ECF No. 54), and Motion to Bifurcate Trial (ECF No. 55) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

DATED March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**